**Anthony Ladel OLIVER, Petitioner–Appellant,**

v.

**Gail LEWIS, Warden, Respondent–Appellee.**

**No. 03–55516.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 14, 2003.[*]

Decided Oct. 23, 2003.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: WARDLAW, BERZON, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Anthony Ladel Oliver appeals the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253. We review the denial of Oliver's habeas petition de novo, *see Wade v. Terhune,* 202 F.3d 1190, 1197 (9th Cir.2000), and affirm.

Oliver contends that during jury selection, the prosecution used two of its peremptory challenges in a discriminatory way, in violation of *Batson v. Kentucky,*

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. Petitioner contends that his constitutional claim should be reviewed de novo. We reject

476 U.S. 79, 96, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). Specifically, he argues that he established a prima facie case of purposeful discrimination based on the prosecutor's use of four out of nine peremptory strikes against African–Americans. Based on the factual circumstances of the case, we disagree.[1]

Oliver fails to provide any statistical evidence regarding the number of African–Americans on the venire or the percentage of African–American venire persons struck. *See Williams v. Woodford,* 306 F.3d 665, 682 (9th Cir.2002) (holding a prima facie case not established when the record did not show how many African–Americans were on the venire). Further, the empanelled jury included three jurors and one alternate who were African–American. *See United States v. Chinchilla,* 874 F.2d 695, 698 n. 4 (9th Cir.1989) (stating that a prosecutor's willingness to accept minority jurors weighs against a prima facie case). Additionally, there were plausible race neutral reasons for the prosecution's peremptory strikes. Thus, consideration of all the relevant circumstances does not raise an inference that the prosecutor excluded potential jurors on the basis of race. *See Batson,* 476 U.S. at 96–97. Accordingly, the state court's decision was not contrary to, or an unreasonable application of, Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1); *Williams v. Taylor,* 529 U.S. 362, 404–05, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### AFFIRMED.

this argument and apply the standard under the Antiterrorism and Effective Death Penalty Act, because the California Court of Appeals applied *Batson v. Kentucky.*